UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVE GILLICK, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:16CV122 RLW |
| ) | |
| DON BROWN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Judgment on the Pleadings (ECF No. 15). The motion is fully briefed and ready for disposition.

Plaintiffs Dave Gillick, Rick Swanson, Brett Lampkin, Vince Patrico, and John Jansen ("Plaintiffs") are Employer Trustees of the Bricklayers Local 1 of Missouri Apprenticeship and Training Trust ("Trust"). They filed a Complaint against Defendants Don Brown, Robert Guinn, John Finder, John Hopkin, and Brian Jennewein ("Defendants") as Union Trustees of the Trust. (Compl., ECF No. 1) Plaintiffs represent the employers that contribute to the Trust, and Defendants represent the Bricklayers Union Local No. 1 of Missouri ("Union"). (*Id.* at ¶¶ 3-4) The Trust is governed by the terms of the Restatement of Bricklayers Local 1 of Missouri Apprenticeship and Training Trust dated January 1, 1976. (*Id.* at ¶ 5) Under Article III, Section 4 of the Trust:

> In the event the trustees are unable to agree upon any matter or question within a period of ten days, the trustees shall agree upon an impartial umpire to decide the matter in dispute and in the event of the failure of the trustees to agree upon an impartial umpire, within five (5) days thereafter, anyone of the trustees may petition the presiding judge of the U.S. District Court for the Eastern District of Missouri for the appointment of an impartial umpire, and the decision of said umpire shall be binding upon all parties to the agreement.

(*Id.* at ¶ 6)

During a meeting of the Trustees held on November 18, 2015, Plaintiff Dave Gillick made a motion, which was seconded by Plaintiff Rick Swanson, that the "Bricklayer Apprenticeship Standards" be amended to conform to Article IX, § 6 of the Collective Bargaining Agreement between the Mason Contractors Association of St. Louis and the Union. (*Id.* at ¶ 7)  When Defendant Don Brown called for a vote, Plaintiffs that were present voted in favor of the proposal, and all Defendants present abstained. (*Id.* at ¶ 8)  Plaintiffs and Defendants agree that a deadlock has occurred and that an impartial umpire should be appointed to decide the deadlock; however, the parties cannot agree on the appropriate panel of arbitrators from which to choose an umpire. (*Id.* at ¶ 9)  Therefore, Plaintiffs request that the Court appoint an impartial umpire to resolve the deadlock, in accordance with the Trust. (*Id.* at ¶ 10)

Plaintiffs filed a Motion for Judgment on the Pleadings under Rule 12(c) of the Federal Rules of Civil Procedure, arguing that no material issue of fact remains to be resolved and that Plaintiffs are entitled to judgment as a matter of law.  Specifically, Plaintiffs contend that they are entitled as a matter of law to a Court appointed impartial umpire that will resolve the deadlock.  Plaintiffs suggest that this Court order the parties to submit a panel of ten (10) arbitrators, from which panel the Court will then choose one arbitrator.  Defendants do not contest the facts contained in Plaintiffs' Complaint.  However, Defendants request that the Court direct the parties to select an arbitrator from a nationwide Federal Mediation and Conciliation Service ("FMCS") panel of seven arbitrators meeting certain criteria.  Defendants suggest that each party alternate striking individuals on the panel until one arbitrator is chosen, with the first strike determined by a coin toss.

Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." When deciding such a motion, the court accepts "all facts pled by the nonmoving party as true and grant[s] all reasonable inferences in favor of that party." *Poehl v. Countrywide Home Loans, Inc.*, 528 F.3d 1093, 1096 (8th Cir. 2008) (citation omitted). "A grant of judgment on the pleadings is appropriate 'where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting *Faibisch v. Univ. of Minn.*, 304 F.3d 797. 803 (8th Cir. 2002)).

In Defendants' Response to Plaintiffs' Motion for Judgment on the Pleadings, Defendants do not dispute the facts presented in Plaintiffs' Complaint or motion. Defendants agree that the parties are deadlocked and that an impartial arbitrator should resolve the deadlock. However, Defendants object to this Court selecting the arbitrator and instead request that the parties select an arbitrator from a nationwide FMCS panel.

The language of the Trust Agreement provides that in the event that the parties cannot agree on the impartial umpire, "anyone of the trustees may petition the presiding judge of the U.S. District Court for the Eastern District of Missouri for the appointment of an impartial umpire." (Compl. ¶ 6) Further, under the Labor Management Relations Act, where trustees are in a deadlock and those trustees are unable to agree on an impartial umpire to resolve the dispute, either group may petition for an impartial umpire to "be appointed by the district court of the United States for the district where the trust fund has its principal office." 29 U.S.C. § 186(c)(5). The Court reads the provision in the Trust Agreement and the relevant statute to require that the Court, not the parties, select the arbitrator when the parties are unable to agree on an impartial umpire.

3

Thus, the Court finds that Defendants are bound by the terms of the Trust Agreement, and Judgment on the Pleadings is warranted in favor of Plaintiffs. *See Robinson v. Hillard*, No. 4:15CV00503 ERW, 2015 WL 7737296, at *2-*3 (E.D. Mo. Dec. 1, 2015) (granting defendant's judgment on the pleadings on plaintiff's claims and defendant's counterclaim because plaintiff was bound by the terms of an agreement to indemnify defendant). Further, the Court will direct each party to choose and submit three (3) arbitrators for the Court's selection. The Defendants are free to proffer arbitrators meeting Defendants' suggested nationwide FMCS arbitrator requirements, and Plaintiffs may suggest local FMCS arbitrators, as indicated in the motion and related memoranda.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Judgment on the Pleadings (ECF No. 15) is **GRANTED.**

**IT IS FURTHER ORDERED** that the parties shall each submit to the Court in writing the names of three (3) proposed arbitrators no later than **June 17, 2016**. The Court will then appoint an arbitrator from the proposed lists and schedule arbitration thereafter.

Dated this 8th day of June, 2016.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**